**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7263**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND IDEMUDIA AIGBEKAEN,

Defendant - Appellant.

**No. 18-6066**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND IDEMUDIA AIGBEKAEN,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:15-cr-00462-JKB-2)

Submitted:  April 17, 2018                                     Decided:  April 24, 2018

Before MOTZ, AGEE, and WYNN, Circuit Judges.

No. 17-7263, dismissed; No. 18-6066, affirmed by unpublished per curiam opinion.

Raymond Idemudia Aigbekaen, Appellant Pro Se. Matthew James Maddox, Assistant United States Attorney, Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In Appeal No. 17-7263, Raymond Idemudia Aigbekaen appeals the district court's orders construing his postjudgment motion as a 28 U.S.C. § 2255 (2012) motion, denying the motion without prejudice because Aigbekaen's direct appeal is pending, and denying reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

Aigbekaen challenges the district court's failure to provide notice under *Castro v. United States*, 540 U.S. 375, 383 (2003), before recharacterizing his motion. *Castro*, however, requires notice only when the district court recharacterizes a pro se litigant's motion as his *first* § 2255 motion, such that any later-filed § 2255 would "be subject to the restrictions on 'second or successive' motions." *Id.* By denying Aigbekaen's postjudgment motion without prejudice, the district court did not treat the filing as Aigbekaen's first § 2255 motion. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-

3

45 (1998). Consequently, no *Castro* notice was required.[*] Because reasonable jurists would not find the district court's procedural ruling debatable, we deny a certificate of appealability and dismiss this appeal.

In Appeal No. 18-6066, Aigbekaen appeals the district court's orders denying his motion for a show cause order and denying reconsideration. He assigns error to the district judge's decision not to recuse himself. Our review of the record, however, confirms that recusal was not required. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (providing standards for assessing recusal motion). Accordingly, we affirm the orders in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 17-7263, DISMISSED;*
*No. 18-6066, AFFIRMED*

---

[*] Accordingly, in the event Aigbekaen's direct appeal is unsuccessful, he need not seek prefiling authorization from this court before filing a § 2255 motion.